UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Hanna Lawa,<br><br>        Plaintiff,<br><br>    v.<br><br>Equifax Information Services, LLC; Experian Information Solutions, Inc.; Trans Union LLC; and U.S. Bank Mortgage,<br><br>        Defendants. | Case No. 2:25-cv-00969-ART-DJA<br><br>**Order<br>and<br>Report and Recommendation** |

   This is a Fair Credit Reporting Act case arising out of Plaintiff Hanna Lawa's allegation that Defendant U.S. Bank Mortgage[1] inaccurately reported to credit reporting agencies—Defendants Equifax Information Services, LLC; Experian Information Services Inc.; and Trans Union LLC—that Plaintiff was late on certain mortgage payments.  Plaintiff claims that as a result of the inaccurate reporting and Defendants' failure to correct those inaccuracies, she was unable to secure a home loan and suffered monetary damages and emotional distress.  U.S. Bank moves to dismiss Plaintiff's complaint.  (ECF No. 32).  In response, Plaintiff moves to amend her complaint.  (ECF No. 37).  U.S. Bank opposes, arguing that the amendment is futile.  (ECF No. 39).  U.S. Bank also moves to stay discovery pending the Court's ruling on its motion to dismiss.  (ECF No. 35).

   Because the Court finds that futility arguments are better addressed through a motion to dismiss, rather than at the motion to amend stage, the Court grants Plaintiff's motion to amend.  Because amended complaints supersede prior complaints, the Court recommends denying U.S.

---

[1] U.S. Bank identifies itself as "U.S. Bank National Association," and asserts that Plaintiff has misidentified it as "U.S. Bank Mortgage."  (ECF No. 39).

Bank's motion to dismiss as moot. And because U.S. Bank seeks to stay discovery pending the now-moot motion to dismiss, the Court denies U.S. Bank's motion to stay discovery as moot.

I.  **Discussion.**

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). The nonmovant bears the burden of showing why amendment should not be granted. *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("party opposing amendment bears the burden of showing prejudice"); *United States for use & benefit of Source Helicopters, Div. of Rogers Helicopters, Inc. v. Sayers Constr., LLC*, No. 2:19-v-1602-JCM-EJY, 2020 WL 3643431, at *1 (D. Nev. July 6, 2020) ("The party opposing amendment holds the burden to demonstrate futility."); *Akinola v. Severns*, No. 3:14-CV-00222-HDM, 2015 WL 456535, at *2 (D. Nev. Feb. 2, 2015) ("party opposing the amendment carries the burden of showing why leave to amend should not be granted.").

An amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "Denial of leave to amend on [futility grounds] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *GMAC Mortgage LLC v. Nevada Association Services, Inc.*, No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018) (internal citations and quotations omitted). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and

the fact that the parties' arguments are better developed through a motion to dismiss or a motion for summary judgment." *Id.* (internal citations omitted).

Here, considering the liberal standards for allowing leave to amend and the fact that U.S Bank carries the burden of showing why amendment should not be granted, the Court grants Plaintiff's motion to amend. U.S. Bank's only argument against Plaintiff's amendment concerns futility. However, denial of leave to amend on futility grounds is rare and it is not clear that no set of facts can be proved under Plaintiff's amendment that would constitute a valid claim. U.S. Bank's arguments are thus better developed through a motion to dismiss and the Court grants Plaintiff's motion to amend.

Because the Court grants Plaintiff's motion to amend, it recommends denying U.S. Bank's pending motion to dismiss Plaintiff's original complaint as moot. *See Ramirez v. County of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (stating that "[i]t is well established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.") (internal quotations omitted). Because U.S. Bank moved to stay discovery pending the Court's ruling on its motion to dismiss, the Court further denies U.S. Bank's motion to stay discovery as moot and vacates its hearing on the matter.

### ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (ECF No. 37) is **granted.** Plaintiff must file and serve her amended complaint as required by Local Rule 15-1(b).

**IT IS FURTHER ORDERED** that U.S. Bank's motion to stay discovery (ECF No. 35) is **denied as moot** and the motion hearing set for November 13, 2025, is **vacated.**

### RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that U.S Bank's motion to dismiss (ECF No. 32) be **denied as moot.**

///

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: October 31, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE